**JOHNSON, MURPHY, HUBNER, McKEON,**
**WUBBENHORST, BUCCO & APPELT, P.C.**
Riverdale South
51 Route 23 South, P.O. Box 70
Riverdale, NJ  07457
(973) 835-0100
Attorneys for Plaintiff
Irandokht Toorzani

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ———————————————— | |
| | : CIVIL ACTION NO. |
| IRANDOKHT TOORZANI, | : |
| | : COMPLAINT |
| Plaintiff, | : |
| vs. | : JURY TRIAL DEMANDED |
| | : |
| ELMWOOD PARK BOARD OF | : **(document electronically filed)** |
| OF EDUCATION; RICHARD D. TOMKO, | : |
| Principal; DAVID WARNER, Assistant | : |
| Principal; ANTHONY IACHETTI, guidance | : |
| Supervisor; ALLISON JACKTER, supervisor; | : |
| NEW JERSEY EDUCATION ASSOCIATION, | : |
| Regional 25; ROSE ANN SPINA; NANCY | : |
| OXFELD, JOHN DOES (1-10) and JANE | : |
| DOES (1-10), | : |
| | : |
| Defendants. | : |
| ——————————————————: | |

Plaintiff, IRANDOKHT TOORZANI ("Plaintiff"), through her attorneys, by way of Complaint against Defendants says:

**PARTIES**

1.      Plaintiff, Irandokht Toorzani, is an individual who is a resident of River Edge, New Jersey.

2.      Plaintiff currently is, and has been, employed by the Elmwood Park Public School District, through Defendant Elmwood Park Board of Education ("Elmwood Park BOE") as a mathematics teacher at Memorial High School.

3.      Defendant Elmwood Park BOE is an entity organized under *N.J.S.A.* 18A:8-1 et seq., located in Elmwood Park, New Jersey.

4.      Defendant Elmwood Park BOE employs fifteen (15) or more people for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

5.      Defendant Elmwood Park BOE is and at all times relevant herein was, a New Jersey Municipal Corporation, located in Bergen County, New Jersey.

6.      Defendant Richard Tomko ("Tomko") was the Principal at Memorial High School.

7.      Defendant David Warner ("Warner") was the assistant Principal at Memorial High School.

8.      Defendant Allison Jackter ("Ms. Jackter"), is and was Plaintiff's immediate supervisor and the Mathematics/Business Supervisor at Memorial High School.

9.      Defendant Anthony Iachetti is currently a guidance supervisor at Memorial High School.

10.     Defendant New Jersey Education Association ("NJEA"), Region 25, is the local union representative for Plaintiff.

11.     Defendant Rose Ann Spina is the NJEA Uniserv Field Representative for Plaintiff's region.

12.     Defendant Nancy Oxfeld is a NJEA attorney.

13.     Defendants John Does (1-10) and Jane Does (1-10) are those individuals or entities that condoned, ratified, or participated in the conduct complained of below.

## JURISDICTION AND VENUE

14.      This Court has original jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. § 1331 in that several of Plaintiff's claims arise under federal law and

raise federal questions.

15.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) in that

a substantial number of events that gave rise to Plaintiff's claims occurred within the district

and Defendants are doing business in this district.

## FACTUAL BACKGROUND

16.      Plaintiff is an Iranian-born female, who immigrated to the United States in

2000.

17.      Defendants classified Plaintiff as a Muslim.

18.      Plaintiff is also in a protected class as a person with disabilities, who

suffers from herniated discs, partial desiccated lumbar discs, disc bulges with annular

tears, and partial stenosis.

19.      At all times relevant herein, Plaintiff was employed by the Defendant

Elmwood Park Public Schools as a full-time faculty member in the math department.

20.      Plaintiff served as a member of the faculty at Memorial High School

beginning in September of 2002, and has over 22 years of teaching experience.

**Discrimination against Plaintiff**

21.      Plaintiff began working for the Elmwood Park Public School system in

September of 2002.

22.      Beginning in September of 2003, Defendant Richard D. Tomko became

the Principal of Memorial High School.

23.     Almost immediately after Defendant Tomko became Principal, Plaintiff was treated differently than other teachers and was discriminated against.

24.     Plaintiff has had to endure a continual pattern of discrimination not only in her treatment, but with respect to numerous other significant terms and conditions of her employment, including but not limited to, inappropriate questioning of her religious beliefs; inappropriate interrogations; discrimination in the assignment of teaching loads and duties and schedules; use of resources; funding support for classroom materials and other faculty privileges and benefits and  punishing Plaintiff monetarily by docking her salary, freezing her step in the salary guide, and withholding monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

**Plaintiff's Disabilities and Requests for Reasonable Accommodations**

25.     Defendants were aware of Plaintiff's medical conditions and have repeatedly assigned Plaintiff tasks that require her to be in the same position, standing or sitting, for long periods of time or lift heavy objects.

26.     Plaintiff has made several requests to be relieved of such duties, but Defendants have denied such requests.

27.     At the time Plaintiff made her requests for such reasonable accommodations, Defendants were aware of the Plaintiff's disabilities.

28.     Plaintiff was refused such reasonable accommodations.

**Plaintiff's Complaints Regarding Mistreatment**

29.     Plaintiff has complained routinely internally to her supervisors, assistant principals, and principals and through her Union representatives and the Uniserv office,

Region 25, regarding the continual discrimination, harassment and hostile work environment she has had to endure.

30.     Rather than appropriately address the situations, Defendants have failed to properly investigate Plaintiff's complaints or remedy the situation.

31.     In or about February 26, 2007, Plaintiff contacted the EEOC and completed the EEOC intake questionnaire, and on April 16, 2007, an official EEOC charge of discrimination was filed alleging retaliation and discrimination based on sex and national origin.

32.     On or about May 5, 2008, the EEOC issued a Right to Sue letter.

33.     Out of fear of reprisal, however, Plaintiff made a determination not to sue Defendants.

34.     Afterwards, the harassing, hostile treatment and discriminatory conduct continued and worsened.

35.     In or about May 19, 2009, Plaintiff filed another EEOC Complaint.

36.     After the filing of the second EEOC Complaint, Defendants' conduct against Plaintiff grew harsher, and became more frequent.

37.     On numerous occasions, Plaintiff reached out to her supervisors and her Union for assistance with the harassment and treatment that she was encountering.

38.     Rather than assist Plaintiff, Plaintiff's supervisors and Union representatives worked in collusion to further condone, ratify and participate in the wrongful conduct, and deprived Plaintiff of her protected rights.

**Retaliation Against Plaintiff**

39.    As a result of both her internal and formal complaints, Defendants, acting in concert, further retaliated against Plaintiff.

40.    The retaliatory conduct included but was not limited to,  Plaintiff being given a poor performance review, containing falsified information; Plaintiff not being provided with similar faculty privileges as her contemporaries; Plaintiff not being assigned appropriate classes; defaming Plaintiff's professional reputation; building a false file against Plaintiff; Plaintiff not being  permitted to leave a faculty meeting without special permission not require by other teachers; Plaintiff not being permitted to access school equipment or use resources materials as other teachers were; Plaintiff being subject  to abuse and degraded in front of her students and colleagues; Plaintiff's duties and abilities to teach her students and apply district policy were marginalized and impeded; punishing Plaintiff monetarily by docking her salary, freezing her step in the salary guide, and withholding monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

41.    On or about May 22, 2009, the EEOC issued a Right to Sue Letter to Plaintiff, which Plaintiff received via mail on or about May 25, 2009.

<u>**COUNT ONE**</u>

**(Violations of New Jersey Law Against Discrimination "NJLAD"
based upon race, religion, ethnicity and national origin)**

42.    Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 41.

43.    At all times relevant hereto, Plaintiff was in a protected class as a female, Iranian-born American, whom Defendants classified as a Muslim.

6

44.     While employed by Defendant Elmwood Park BOE, Plaintiff has been repeatedly harassed and discriminated against based on these protected classifications.

45.     Plaintiff is qualified for her position and has performed at a level required by Defendants.

46.     Plaintiff was continually discriminated against since she was treated differently than other members of the faculty that were not part of a protected class and Plaintiff endured a continual pattern of discrimination with respect to numerous significant terms and conditions of her employment, including but not limited to, discrimination in the assignment of teaching loads and schedules; use of resources and accommodations and other faculty privileges; being given a poor performance review, containing falsified information; not being provided with similar faculty privileges as her contemporaries; defaming Plaintiff's professional reputation; building a false file against Plaintiff; not being  permitted to leave a faculty meeting without special permission not require by other teachers; being subject  to abuse and degraded in front of her students and colleagues; interrogating Plaintiff about her race, religion, ethnicity and national origin; curtailing Plaintiff's duties and abilities to teach her students and apply district policy; punishing Plaintiff monetarily by docking her salary; freezing her step in the salary guide, and withholding monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

47.     The above-described conduct of Defendants violated *N.J.S.A.* 10:5-1 *et. seq.*

48.     The above-described discrimination proximately caused Plaintiff to suffer damages and interfered with Plaintiff's emotional well-being.

49.     Defendants at all times relevant hereto participated in the discriminatory conduct, ratified, condoned, aided and abetted and/or had actual and constructive knowledge of the above-described conduct.

50.     As a result of the discrimination perpetuated by Defendants, Plaintiff suffered severe emotional distress.

51.     Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination in the workplace and to prevent it from occurring in the future, *N.J.S.A.* 10:5-1 *et seq.*

52.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and malice; with a conscious disregard for her rights; and with the intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a. For compensatory damages;

b. For punitive damages;

c. For attorneys fees and costs of suit; and

d. For Such further relief as the court deems equitable and just.

## COUNT TWO

**(Violation of the New Jersey Law Against Discrimination "NJLAD" based upon disability)**

53.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 52.

54.     At all times relevant, Plaintiff was in a protected class as a person with a disability, protected under *N.J.S.A.* 10:5-1 *et seq.*

55.     Plaintiff's physical disabilities limit her in her ability to be in the same position, standing or sitting, for long periods of time or to lift heavy objects.

56.     Defendants were aware of Plaintiff's medical condition since Plaintiff had provided the school with her doctor's note, and had provided her supervisor with actual notice.

57.     Plaintiff requested that Defendants provide Plaintiff with the reasonable accommodation of assigning her one duty after classes, instead of two duties, while other teachers had only one duty during the same period of time, and requested that she not be given extra duties that required her to be in the same position, sitting or standing, for long periods of time or lifting heavy objects, due to her disabilities.

58.     Plaintiff was refused such reasonable accommodations.

59.     Defendants' conduct violated New Jersey Law Against Discrimination's prohibition of unlawful employment practices based upon a disability, *N.J.S.A.* 10:5-4.1.

60.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and malice; with a conscious disregard for her rights; and with the intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For punitive damages;

c.  For attorneys fees and costs of suit; and

d.  For Such further relief as the court deems equitable and just.

## COUNT THREE

### (Retaliation in violation of N.J.S.A. 10:5-1 *et seq.*)

61.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 60.

62.     Plaintiff engaged in a "protected activity" by reporting to the Defendants, her supervisors and her Union representatives that the above-described discrimination, hostile work environment and harassment had occurred.

63.     Plaintiff also engaged in a "protected activity" by reporting to the discriminatory and unlawful conduct of Defendants to the EEOC, the New Jersey Department of Health and New Jersey Division of Civil Rights.

64.     At all times prior to Plaintiff engaging in the protected activity, Plaintiff received satisfactory or outstanding performance reviews.

65.     As a result of Plaintiff reporting incidents of discrimination, a hostile work environment and harassment, a campaign of retaliation began against Plaintiff.

66.     Among other retaliation, Plaintiff received a poor performance review, containing falsified information; Plaintiff was not provided with similar faculty privileges as her contemporaries; Plaintiff was not permitted to leave a faculty meeting without special permission not require by other teachers; Plaintiff was not permitted to access school equipment or use resources materials as other teachers were; Plaintiff was abused and degraded in front of her students and colleagues; Plaintiff's duties and abilities to teach her students and apply district policy were marginalized and impeded; Defendants

punished Plaintiff monetarily by docking her salary, freezing her step in the salary guide, and withholding monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

67.    Further, all Defendants acted in collusion to perpetuate such wrongful conduct against Plaintiff.

68.    The protected activity of reporting discrimination and violations of other federal and state laws was followed closely in time by the adverse employment action.

69.    Defendants' conduct in retaliating against Plaintiff violates the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.*

70.    As a direct result, Plaintiff has suffered, and continues to suffer, severe emotional distress, embarrassment, humiliation, economic harm, and other damages.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For punitive damages;

c.  For attorneys fees and costs of suit; and

d.  For Such further relief as the court deems equitable and just.

## COUNT FOUR

**(Violations of Title VII based upon race, religion, ethnicity and national origin)**

71.    Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 70.

72.    At all times relevant, Plaintiff was in a protected class as an Iranian-born national, whom Defendants classified as a Muslim.

73.     At all times relevant, Plaintiff's job performance was more than satisfactory.

74.     Plaintiff was qualified for her position.

75.     Plaintiff was treated differently than other members of the Elmwood Park Public Schools that were not part of a protected class and Plaintiff endured a continual pattern of discrimination, harassment and hostile treatment.

76.     The above-described circumstances gave rise to an inference of discrimination, harassment, hostile treatment and retaliation.

77.     The above-described discrimination proximately caused Plaintiff to suffer damages and interfered with Plaintiff's emotional well-being.

78.     Defendants at all times relevant hereto had actual and constructive knowledge of the above-described conduct.

79.     Defendants not only discriminated against Plaintiff, but also engaged in a specific pattern and practice of unlawful race, ethnicity and national origin discrimination against Plaintiff, in violation of Title VII of the Civil rights Act of 1964, § 701 *et. seq*, 42 U.S.C.A. § 2000(e) *et seq*.  As a result of the discrimination perpetuated by Defendants, Plaintiff suffered severe emotional distress.

80.     Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination in the workplace and to prevent it from occurring in the future.

81.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done, in collusion, and with fraud, oppression and malice; with a conscious disregard for her rights; and with the

intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For punitive damages;

c.  For attorneys fees and costs of suit; and

d.  For Such further relief as the court deems equitable and just.

## COUNT FIVE
### (Retaliation under Title VII)

82.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 81 and incorporates the same herein as though fully set forth.

83.     Plaintiff engaged in a protected activity in reporting the above-described harassment, hostile treatment and discrimination of Defendants.

84.     As a result of Plaintiff reporting incidents of discrimination and harassment, a campaign of retaliation began against Plaintiff.

85.     Among other retaliation, Plaintiff received a poor performance review containing falsified information, was the subject of further harassment, was ridiculed, was defamed, was the subject of inappropriate interrogations and false statements that she was "insubordinate" and Defendants withheld monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

86.     The protected activity of reporting discrimination and violations of other federal and state laws was followed closely in time by the adverse employment action.

87.     The above described conduct of Defendants in retaliating against Plaintiff for complaining about Defendants violations under Title VII both internally, to her

Union, and externally to the New Jersey Department of Health, the New Jersey Division of Civil Rights, and to the EEOC, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

88.     As a direct result, Plaintiff has suffered, and continues to suffer, severe emotional distress resulting in physical aliments, embarrassment, humiliation, economic harm, and other damages.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For punitive damages;

c.  For attorneys fees and costs of suit; and

d.  For Such further relief as the court deems equitable and just.

## COUNT SIX

### (Violations of Americans With Disabilities Act "ADA")

89.     Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 88, and incorporates the same herein as though fully set forth.

90.     At all times relevant, Plaintiff was in a protected class as a person with herniated discs, partial desiccated lumbar discs, disc bulges with annular tears, stenosis, among other disabilities, protected under the Americans With Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101 to 12213 *et seq.*

91.     Plaintiff has physical impairments that limit her ability to be in the same position, sitting or standing, for long periods of time and her ability to lift heavy objects.

92.     Defendants assigned Plaintiff's tasks which required her to be in the same position, sitting or standing, for long periods of time and lift heavy objects.

93.     Defendants were aware of Plaintiff's medical condition.

94.     Plaintiff requested that she be provided with the reasonable accommodation of not performing these tasks.

95.     Plaintiff was refused such reasonable accommodations.

96.     Defendants' conduct violated The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.

97.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and malice; with a conscious disregard for her rights; and with the intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For punitive damages;

c.  For attorneys fees and costs of suit; and

d.  For Such further relief as the court deems equitable and just.

## COUNT SEVEN

### (Harassment, Hostile Work Environment)

98.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 97 and incorporates the same herein as though fully set forth.

99.     Defendants created a hostile work environment in which Plaintiff was forced to work and endure.

100.    Defendants conduct included, but was not limited to, placing Plaintiff on two duties when other teachers were only given one, calling Plaintiff "deceptive", "a liar" and "untrustworthy"; inappropriately interrogating Plaintiff; inappropriately questioning Plaintiff about her religion; stating to students that "even she does not know how to speak English"; rallying teachers, students and parents against Plaintiff; calling Plaintiff into unnecessary meetings to interrogate her and placing falsified, defamatory information into Plaintiff's personnel file.

101.    Defendants also harassed Plaintiff and created a hostile work environment, in violation of the both the NJLAD and Title VII,  based upon Plaintiff's race, religion, ethnicity and national origin, by conduct, including but not limited to, the assignment of teaching loads and schedules; the curtailment of Plaintiff's use of resources and accommodations and other faculty privileges;  providing Plaintiff with a poor performance review, which contained falsified information; not providing Plaintiff with similar faculty privileges as her contemporaries; defaming Plaintiff's professional reputation; building a false file against Plaintiff; not permitting Plaintiff to leave a faculty meeting without special permission not require by other teachers; subjecting Plaintiff to ridicule, abuse and degradation in front of her students and colleagues; interrogating Plaintiff about her race, religion, ethnicity and national origin; curtailing Plaintiff's duties and abilities to teach her students and apply district policy; punishing Plaintiff monetarily by docking her salary, freezing her step in the salary guide and withholding monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

102.    In failing to protect Plaintiff from the continuing offensive conduct of Defendants described herein, Defendants abused their special position as Plaintiff's superiors, which vested them with substantial power to control her work environment and to damage her interests and well-being.

103.    Through the conduct described above, Defendants, and each of them, acted with the intent to cause Plaintiff to suffer severe emotional distress.

104.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

105.    Defendants' conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.  The acts of Defendants were performed with the knowledge of an employer's economic power over its employees. The corporate Defendants, through their officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct of the individual Defendants in this action. Consequently, Plaintiff is entitled to punitive damages from all Defendants.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a. For compensatory damages;

b. For punitive damages;

c. For attorneys fees and costs of suit; and

d. For Such further relief as the court deems equitable and just.

## COUNT EIGHT

**(Violation of CEPA, *N.J.S.A.* 34:19-1 to 34:19-8)**

106.    Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 105, and incorporates the same herein as though fully set forth.

107.    Plaintiff engaged in a "protected activity" by reporting to the Defendants, her Union representative and her supervisors that the above-described discrimination and harassment had occurred.

108.    Plaintiff also engaged in a "protected activity" by reporting the discriminatory and unlawful conduct of Defendants to the EEOC, the New Jersey Department of Health and New Jersey Division of Civil Rights.

109.    At all times prior to Plaintiff engaging in the protected activity, Plaintiff received satisfactory or outstanding reviews.

110.    As a result of Plaintiff reporting incidents of discrimination and harassment, a campaign of retaliation began against Plaintiff.

111.    Among other retaliation, Plaintiff received a poor performance review, containing falsified information; Plaintiff was not provided with similar faculty privileges as her contemporaries; Plaintiff was not permitted to leave a faculty meeting without special permission not require by other teachers; Plaintiff was not permitted to access school equipment or use resources materials as other teachers were; Plaintiff was abused and degraded in front of her students and colleagues; Plaintiff's duties and abilities to teach her students and apply district policy were marginalized and impeded; Defendants punished Plaintiff monetarily by docking her salary, freezing her step in the salary guide,

and withholding monetary compensation, including Plaintiff's "employment" and "adjustment" increments.

112.    The protected activity of reporting harassment, hostile treatment, discrimination and violations of other federal and state laws was followed closely in time by the adverse employment action.

113.    Defendants' conduct in retaliating against Plaintiff violates the New Jersey Conscientious Employer's Protection Act ("CEPA"), *N.J.S.A.* 34:19-1 to 34:19-8, specifically *N.J.S.A.* 34:19-3(a).

114.    As a direct and proximate result of Defendants' behavior, in violation of CEPA, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

115.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression; with conscious disregard for her rights; and with the intent, design and purpose of injuring Plaintiff, Defendants, through its officers, upper management and/or supervisors and agents, authorized, condoned and/or ratified the unlawful conduct in this action and actually participated in such conduct or were willfully indifferent to it occurring.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages, pursuant to *N.J.S.A.* 34:19-5(f), from Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For punitive damages;

c.  For attorneys fees and costs of suit; and

d.  For Such further relief as the court deems equitable and just.

## <u>COUNT NINE</u>
### (Violation of Section 1983)

116.     Plaintiff repeats and realleges by reference each and every allegation
contained in paragraphs 1 through 115, and incorporates the same herein as though fully
set forth.

117.     The above-described conduct of Defendants violated Plaintiff's First
Amendment and Fourteenth Amendment Constitutional rights, protected under 42
U.S.C.A. § 1983.

118.     Defendants acted in collusion with one another, and jointly with the intent
to deprive Plaintiff of these protected rights.

119.     Plaintiff was deprived of her constitutionally protected right of free speech
and due process.

120.     Defendants acted under the color of state law, and in a joint conspiracy to
deprive Plaintiff of her rights.

121.     Defendants' conduct caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a.  For compensatory damages;

b.  For attorneys fees and costs of suit; and

c.  For Such further relief as the court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Respectfully submitted this 20th day of August, 2009.

> **JOHNSON, MURPHY, HUBNER, McKEON**
> **WUBBENHORST, BUCCO & APPELT**
> **A Professional Corporation**
> **(973) 835-0100**
> **shennion@johnsonmurphylaw.com**
> Attorneys for Plaintiff
> Irandokht Toorzani
>
> By: <u>s/Serene M. Hennion</u>
>     SERENE M. HENNION

Dated: August 20, 2009

## CERTIFICATION REGARDING FILING

The undersigned hereby certifies that the original and one copy of the within Complaint and Jury Demand was filed with the Clerk of the Federal District Court of The District of New Jersey, Newark, New Jersey.

> **JOHNSON, MURPHY, HUBNER, McKEON**
> **WUBBENHORST, BUCCO & APPELT**
> **A Professional Corporation**
> **(973) 835-0100**
> **shennion@johnsonmurphylaw.com**
> Attorneys for Plaintiff
> Irandokht Toorzani
>
> By: <u>s/Serene M. Hennion</u>
>     SERENE M. HENNION

Dated: August 20, 2009