UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRANDOKHT TOORZANI,<br><br>Plaintiff,<br><br>v.<br><br>ELMWOOD PARK<br>BOARD OF EDUCATION, *et al.*,<br><br>Defendants. | Civil Action No. 09-4262 (SRC)<br><br>OPINION |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to amend filed by Plaintiff Irandokht Toorzani [docket item #38]. Defendants have opposed this motion [docket item #40,43]. After consideration of the parties' briefing, the Court has determined that it will grant the motion and permit Plaintiff to filed the proposed Amended Complaint. In the following discussion, the Court gives its reasons for the decision.

FACTUAL BACKGROUND

Plaintiff filed her Complaint on August 20, 2009. Defendant Elmwood Park Board of Education filed their Answer on October 20, 2009 and an Amended Answer on November 9, 2009. Defendants Rose Ann Spina and the New Jersey Education Association filed their Answer on October 22, 2009. Defendant Nancy Oxfeld filed a pre-answer Motion to Dismiss on or about December 15, 2009. On February 19, 2010, Plaintiff filed her motion to amend. Defendants Nancy Oxfeld ("Oxfeld") and the Elmwood Park Board of Education, Richard Tomko, David Warner, Anthony Iachetti and Allison Jackson (the "Elmwood Park Defendants") oppose the motion based on the grounds that amendment is not warranted due to undue delay. The

Elmwood Park Defendants move on the additional ground that any proposed amendments would be futile as they cannot be held liable for the actions of Defendant Oxfeld. Plaintiff assert that there is no futility, undue delay or prejudice that would warrant a denial of the motion to amend.

## ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure states that a Court should "freely give leave" to amend when justice so requires.

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962).

As the Court is not convinced of any undue delay, bad faith, or undue prejudice, the motion to amend will be granted.

Both the Elmwood Park Defendants and Defendant Oxfeld argue that amendment is not warranted due to Plaintiff's undue delay. The original complaint was filed on August 20, 2009. On February 19, 2010, approximately 6 months later, Plaintiff moved to file an Amended Complaint. Delay alone, however, is not sufficient to justify denial of leave to amend.[1] Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). The delay must be significant enough to place an unfair burden on the Court or opposing party. Id. While there is no set time that is considered "undue," a six month delay in filing an Amended Complaint, absent extinuatating circumstances, is not presumptively unreasonable. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d. Cir 2006) (surveying Circuits and concluding that a delay of six months is rarely grounds for denial of a

---

[1] Aside from the drafting of an answer or a motion to dismiss, Defendants have put forth no evidence of undue prejudice.

motion to amend).[2]  As any delay has not resulted in undue prejudice, the motion to amend will be granted.

The Elmwood Park Defendants move on the additional grounds that amendment would be futile because the Elmwood Park Board of Education cannot be held liable for Defendant Oxfeld's alleged misrepresentations.  While the Amended Complaint contains barely enough facts with regard to the alleged conspiracy between Defendant Oxfeld and the Elmwood Park Defendants (See Amended Complaint at 35-73), at this juncture, there is at least an inferential basis that the alleged acts were done in coordination.  The Court is not convinced that amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to amend.  The prior motion to dismiss filed by Defendant Oxfeld is moot.  Defendant Oxfeld can renew her motion via motion to dismiss or motion for judgment on the pleadings.  An appropriate Order will be filed.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

March 16, 2010

---

[2] Furthermore, Plaintiff offers some explanation for the delay.  First, Plaintiff's counsel informed Defendants that deaths in the family would contribute to a delay in filing the motion to amend.  Second, Plaintiff was only recently able to obtain a clear copy of the information used to draft the Amended Complaint.