UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IRANDOKHT TOORZANI, Plaintiff, v. ELMWOOD PARK BOARD OF EDUCATION, et al., Defendants. | Case No. 09-4262 **OPINION & ORDER** |

**CHESLER**, District Judge

     This matter comes before the Court on Plaintiff's appeal [docket entry no. 117] of Magistrate Judge Shipp's December 17, 2010 Order denying Plaintiff's motion for a protective order to bar her deposition and compelling her deposition (hereinafter, the "December 17 Order") [docket entry 106]. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78.

     A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire

1

evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. Of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).  Where, as here, the non-dispositive issue decided by the magistrate judge fell within his discretion, the decision should only be reversed for an abuse of that discretion.  Thomas v. Ford Motor Co., 137 F.Supp.2d 575, 579 (D.N.J. 2001).  In this case, Plaintiff, as the appellant, bears the burden of demonstrating that the December 17 Order was incorrectly decided. Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996).

This Court holds that the December 17 Order should be affirmed.  Plaintiff has not demonstrated that Judge Shipp's decision to compel her deposition was clearly erroneous or contrary to law, much less an abuse of his discretion.  Indeed, Judge Shipp based his decision in part on the fact that Ms. Toorzani presented no medical documentation demonstrating she was precluded from attending her deposition.  (O'Driscoll Cert., Ex. 5. 22:9-14).  Judge Shipp also pointed out, and this Court agrees, "[i]f you are healthy enough to report to work everyday, you're healthy enough to sit through a deposition."  (Id. at 17:25-18:2).  The Court is in receipt of Plaintiff's doctor's note describing her condition. [docket entry no. 117-1].  While this note was not filed until after the December 17, 2010 Order was issued, this Court nonetheless finds that it does not indicate that Ms. Toorzani's condition is such that she cannot sit for a deposition where counsel takes due consideration of her condition allowing for reasonable breaks.  As Judge Shipp stated, "[i]f you need to take breaks during your deposition due to anxiety, the Court expects that counsel can accommodate your request for breaks."  (Id. at 18:7-10).

Accordingly,

**IT IS** on this 23rd day of March, 2011,

**ORDERED** that the December 17, 2010 Order of Magistrate Judge Shipp denying Plaintiff's motion for a protective order to bar her deposition and compelling Plaintiff's deposition be and hereby is **AFFIRMED**.

                                                s/Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge