UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRANDOKHT TOORZANI,<br><br>                Plaintiff,<br><br>v.<br><br>ELMWOOD PARK BOARD OF EDUCATION, et al.,<br><br>                Defendants. | Case No. 09-4262<br><br>OPINION |

**CHESLER**, District Judge

    This matter comes before the Court on the motion for sanctions pursuant to Fed. R. Civ. P. 37 [docket entry no. 116] filed by Defendants Elmwood Park Board of Education, Richard Tomko, David Warner, Anthony Iachetti, and Allison Jackter. Plaintiff Irandokht Toorzani has responded. After consideration of the parties' briefing, the Court has determined that it will grant in part and deny in part Defendants' motion sanctions. In the following discussion, the Court gives its reasons for the decision.

    This is not the first time this Court has addressed Defendants' motion. On March 29, 2011 the Court issued an order stating that if Plaintiff failed to submit to deposition within the allocated time frame, the Court would again review Defendants' motion. [docket entry no. 126]. Upon Plaintiff's failure to submit to deposition as ordered by this Court, the Court issued an

1

order to show cause as to why this action should not be dismissed. [docket entry no. 133].

The Third Circuit has established the following set of factors to weigh in determining whether a claim should be dismissed pursuant to its inherent sanction power:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

The Plaintiff has been repeatedly ordered to appear for her deposition, and, the record reflects, has repeatedly failed to attend. Her response to the Court's most recent order [docket entry nos. 134 & 135] does not indicate that she has the slightest intention of complying with the Court's March 29, 2011 order. Her various issues, including her averments of illness, have been considered on multiple occasions by both Magistrate Judge Shipp and this Court. Ms. Toorzani's medical condition is entirely self-reported with the exception of one note from a doctor. [docket entry no. 135; Aff. of Irandokht Torzani, Ex. 10]. The Court was previously in receipt of this letter and already considered it in rendering its earlier order. The Court believes that a deposition can proceed taking into account Ms. Toorzani's medical needs by implementing breaks as needed.

Based on the nature of Ms. Toorzani's claims, which include retaliation and discrimination based on disability, ethnicity, religion, and national origin, her testimony is critical and her unwillingness to submit to deposition places the Defendants at a loss to defend against her accusations.

This Court has employed alternative measures prior to reaching this point, including the

most recent order to show cause. [docket entry no. 133].  Plaintiff has been informed in no uncertain terms that if she failed to submit to the deposition which this court most recently ordered, the Court would further review Defendants' motion for sanctions, including dismissal of this case.  Her most recent submissions contain no basis for concluding that she will comply with the Court's order and submit to a deposition.  Accordingly, this action will be dismissed.

For the foregoing reasons, the Court grants in part Defendants' motion for sanctions [docket entry no. 116] insofar as Defendants seek dismissal of this action.  An appropriate form of order will be filed together with this Opinion.

     s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: May 19, 2011